**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided December 28, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-2225

| | |
|---|---|
| DOROTHY CAIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 13-cv-01127 |
| CITY OF MUNCIE, INDIANA, | |
| *Defendant-Appellee.* | Sarah Evans Barker, |
| | *Judge.* |

**O R D E R**

Dorothy Cain, a former Parks Department employee for the City of Muncie, Indiana, sued under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, claiming that she suffered sex discrimination and was retaliated against when she complained. The district court granted summary judgment for the City, and Cain appeals. We dismiss the appeal.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

We recount the evidence in the light most favorable to Cain, the party opposing summary judgment. *See Carter v. Chicago State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015). For many years Cain worked part-time at the Parks Department (a division of the City rather than a separate entity, *see Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 (7th Cir. 2007); *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011)). She worked year-round in some years and seasonally in others. In February 2012 she applied for a full-time position and was told by her supervisor, Ivan Gregory, that she was the most experienced applicant. A male applicant was hired, though, and when Cain pressed for an explanation, Gregory pointed her to the mayor. The mayor, in turn, told Cain that the hire had been a political favor. But he also promised that the new employee soon would be transferred to a different department, which would give Cain another chance at the full-time position. Cain complained informally to a Human Resources officer, characterizing the mayor's intervention as sex discrimination.

Soon after, male coworkers began engaging in conduct that Cain viewed as harassing. One man, wearing only underwear, approached her in the Parks Department garage and taunted, "You want to tuck a buck?" (apparently referring to placing currency in strippers' underwear). Gregory, the supervisor, saw this incident but simply walked away laughing. Another time, again with Gregory present, that same male coworker showed Cain a photo of himself with another male employee partially exposing their buttocks to the camera. The second man later asked Cain on several occasions—all with Gregory present—if she wanted to see his pierced penis. Several other times Cain also witnessed unnamed male coworkers urinating near the garage.

Meanwhile, Cain also began receiving reprimands. On one occasion Gregory and the Human Resources director verbally rebuked her after she and a coworker had argued about cleaning a work area. Another time Cain was given a written warning by Gregory and the director after she confronted two coworkers (including the man involved in the underwear incident) and accused them of improperly discarding cleaning supplies and protective clothing. When another coworker later complained that Cain had tried telling him how to perform an assigned task, Gregory and the Human Resources director gave her a second written warning.

In August 2012, about a month after she received that second warning, Cain filed an administrative charge with the Equal Employment Opportunity Commission alleging that she had been passed over for promotion and subjected to a hostile work environment because of her sex. Cain also alleged that she had been retaliated against

for complaining about not getting the full-time job. Two months later (at the end of the season) Gregory laid off Cain and nine other part-time employees. Although layoffs for seasonal employees were routine, Cain reacted by filing a second administrative charge with the EEOC, this time alleging that she had been fired in retaliation for submitting the earlier charge. The following spring Cain learned that she was not being rehired, a decision that Gregory attributed to her conduct underlying the reprimands received the previous season. Cain then filed with the EEOC a third administrative charge alleging that the decision not to rehire her was retaliatory.

In her complaint Cain alleged that the City had engaged in discrimination by passing her over for full-time work and fostering a "sexually hostile work environment." She also alleged that the City had retaliated against her for complaining of discrimination and harassment by condoning the hostile work environment, issuing undeserved disciplinary actions, firing her, and not rehiring her. At summary judgment, however, the district court concluded that Cain, who was represented by counsel, had abandoned her theory that the decision not to give her the full-time position was discriminatory, since Cain did not respond to the City's argument on that theory. The district court reasoned that the harassing incidents, although "unfortunate," were not severe or pervasive enough for a jury reasonably to find that Cain was subjected to a hostile work environment. The district court further concluded that the evidence at summary judgment was not sufficient for a jury reasonably to find that the allegedly retaliatory conduct was causally linked to Cain's administrative complaints. Essentially, the court explained, Cain was relying on "suspicious timing" and speculation that the warnings she received for her own conduct were pretextual.

Cain, now pro se, filed a notice of appeal. In her appellate brief, she summarizes the factual allegations she made in the district court and says that we "should review" the grant of summary judgment on her claims of sexual harassment and retaliation. Cain's brief does not include, however, any assertion or argument that the district court erred in analyzing the evidence at summary judgment. *See* FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Although we construe pro se filings liberally, even pro se litigants must follow procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Cain has not presented any appellate claim for us to review. *See Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). Her appeal therefore is DISMISSED.